# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

BRIAN L. HITE                                                                             PLAINTIFF

v.                                           CIVIL ACTION NO. 4:09CV-P73-M

CHAD EMBRY *et al.*                                                     DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Brian L. Hite filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This complaint is before the Court on initial review pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, a portion of the complaint will continue, and the remainder will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff is a convicted inmate currently incarcerated in the United States Penitentiary-Pollock and, at the time he filed his complaint, he was incarcerated in the United States Penitentiary-Atwater. The claims in the complaint, however, concern his prior incarceration at the Grayson County Detention Center (GCDC). As Defendants, Plaintiff names GCDC Jailer, Darwin Dennison; and GCDC Deputy Jailers, Chad Embry, Larry Vanmeter, and Jason Woosley. He sues Defendants individually and in their official capacities. Claiming Eighth and Fourteenth Amendment violations, Plaintiff seeks monetary and punitive damages.

According to Plaintiff, on September 8, 2008, Defendant Vanmeter moved Plaintiff from his "cell of safety (148) and placed [him] in isolation (193) without any investigation then or later." Plaintiff claims that he warned deputies that their move placed him in danger based on

past events transpiring between Plaintiff and other inmates.[1] He, therefore, requested to be moved from isolation back to cell 148. In response, an officer denied Plaintiff's request but advised, "If you want to move from isolation we will [move you] but to a cell of our choice."

Plaintiff further claims that Defendant Embry violated his rights on or about October 5, 2008, when he read a copy of Plaintiff's Inmate Incident List to inmate Donny Daugherty. Plaintiff advises that the incident list "revealed I told on [Daugherty] and inmate George Clark for attempting to escape. This inraged Donny Daugherty who went crazy threatening me and my families lives." To the complaint, Plaintiff attaches his Inmate Tracking/Movements form, which indicates that on October 5, 2008, Plaintiff was moved from cell 193 to Cell 300 "due to threats made by Donny Daugherty."

With respect to Defendant Woosley, Plaintiff alleges that on or about October 5, 2008, Defendant Woosley violated his rights when he did not take any disciplinary action against inmate Daugherty or make a referral to the appropriate prosecuting attorney pursuant to GCDC's Inmate Rules and Regulations.

Plaintiff additionally claims that on or about October 7, 2008, Defendant Dennison refused to investigate why Plaintiff was unable to get envelopes so that his grievances would be confidential and that on October 21, 2008, Defendant Dennison refused to notify the U.S. Marshals about the threats and allowed Defendant Woosley to refuse to take action against inmate Daugherty.

---

[1] An attached Inmate Incident List indicates that Plaintiff was previously involved in altercations with other inmates and was "running" cell 148.

Finally, Plaintiff claims that his constitutional rights were violated by Defendant Dennison by allowing female deputies to watch him from the control room from a surveillance camera in his cell "get naked and use the restroom on or about 10-11-08 and 10-14-08. (See attached Grievance Forms 10-11-08/10-14-08)."[2] Plaintiff claims that these experiences were "very humiliating." In a response to one of the attached grievances, a detention center official claimed that "[t]he cameras are not set where you can see the toilets and the control room is also on camera and that did not happen."

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

---

[2] It is unclear whether these are the only two dates on which the exposure occurred or whether these are just the two dates on which Plaintiff filed grievances on the matter.

550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

#### A. *Fear of danger*

Under the Eighth Amendment, prison officials have a duty to "'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). An Eighth Amendment claim has both an objective and subjective component. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "[T]he failure to protect from risk of harm must be objectively 'sufficiently serious.'" *Harrison v. Ash*, 539 F.3d 510, 518 (2008) (quoting *Farmer*, 511 U.S. at 832). Under the subjective component, "a prison official cannot be found liable . . . unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. "[T]he official must both be aware of

4

facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* "In addition, prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

Plaintiff does not assert allegations that rise to the level of a constitutional violation. When Plaintiff first requested to be returned to cell 148, he did not articulate any specific danger, just a generalized complaint that due to his history with other inmates he would be placed in danger. At that time, an officer even advised Plaintiff that he could be moved from isolation to a cell of jail officials' choosing, but Plaintiff makes no allegation that he requested to be moved anywhere but cell 148. While the Court does not condone Defendant Embry's purported reading of Plaintiff's Inmate Incident List to inmate Daugherty, Plaintiff claims that this disclosure occurred on October 5, 2008, and a form attached to the complaint reveals that on that same date Plaintiff was moved from cell 193 to Cell 300 "due to threats made by Donny Daugherty." Thus, the response to the risk created by Defendant Embry was reasonable. More fundamentally, however, Plaintiff's fear alone does not allow for compensable relief, *see Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) ("However legitimate [the plaintiff's] fears may have been, we nevertheless believe that it is the reasonably preventable assault itself, rather than any fear of assault that gives rise to a compensable claim under the Eighth Amendment."), and because Plaintiff has been transferred to another facility, any threat of danger has been eliminated.

### B. *Failure to follow jail rules and regulations*

Plaintiff alleges that Defendant Woosley violated GCDC rules and regulations by taking no disciplinary action against inmate Daugherty and refusing to make a referral to the prosecuting attorney and that Defendant Dennison violated rules and regulations by refusing to investigate why Plaintiff was not able to get envelopes so that his grievances could be confidential and for refusing to notify the U.S. Marshals of the threats at Plaintiff's request.

A prison official's failure to follow internal rules and regulations does not alone state a constitutional violation, and Plaintiff has alleged no facts related the Defendants' failure to follow internal policy which demonstrate a cognizable claim of constitutional dimension. To be sure, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (explaining that victims lack constitutional right to compel criminal prosecution), and "[t]he failure to conduct a full and fair investigation and prosecution of an alleged crime does not state a claim unless there is a violation of another recognized constitutional right." *Smallwood v. McDonald*, 805 F.2d 1036 (6th Cir. 1986) (citing *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam)); *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986) ("Authority to initiate a criminal complaint rests exclusively with state and federal prosecutors."). Further, if the prison provides a grievance process, violations of its procedures do not rise to the level of a federal constitutional right, *Spencer v. Moore*, 638 F. Supp. at 316, and a plaintiff has no right to an effective grievance procedure. *See Ishaaq v. Compton*, 900 F. Supp. 935, 940-41 (W.D. Tenn. 1995); *Flowers v. Tate*, Nos. 90-3742, 90-3796, 1991 WL 22009 (6th Cir. Feb. 22, 1991).

*C. Privacy concerns*

Upon consideration of Plaintiff's claim that Defendant Dennison allowed female guards to view him on surveillance video while he was naked and using the toilet in his cell, the Court will allow that claim to continue under the Fourth,[3] Eighth, and Fourteenth Amendments against Defendant Dennison in his individual and official capacities. *See, e.g., Mills v. City of Barbourville*, 389 F.3d 568, 579 (6th Cir. 2004) ("[W]e have recognized that a prison policy forcing prisoners to be searched by members of the opposite sex or to be exposed to regular surveillance by officers of the opposite sex while naked--for example while in the shower or using a toilet in a cell--would provide the basis of a claim on which relief could be granted."); *Kent v. Johnson*, 821 F.2d 1220, 1227 (6th Cir. 1987) ("[A]ssuming that there is some vestige of the right to privacy retained by state prisoners and that this right protects them from being forced unnecessarily to expose their bodies to guards of the opposite sex, the instant complaint did state a constitutional claim upon which relief can be granted.").

The Court will enter a Scheduling Order to govern the continuing claim and will enter a separate Order dismissing all other claims.

Date:

cc:      Plaintiff, *pro se*
           Defendants
           Grayson County Attorney
4414.005

---

[3] Although Plaintiff did not specifically allege a Fourth Amendment violation, the Court construes the complaint liberally, as it must, as additionally asserting a Fourth Amendment privacy claim.