# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

**BRIAN L. HITE**                                                                                           **PLAINTIFF**

**v.**                                                                     **CIVIL ACTION NO. 4:09CV-P73-M**

**CHAD EMBRY** *et al.*                                                                                 **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Defendant Darwin Dennison's motion to dismiss (DN 24) and motion for summary judgment (DN 25). Plaintiff failed to file a response to either motion, despite this Court *sua sponte* granting him additional time in which to respond. Upon consideration of the filings and the relevant law, the Court will grant the motion to dismiss for failure to exhaust available administrative remedies and will deny the motion for summary judgment as moot.

## I.

"Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, the defense of exhaustion [] is not ordinarily the proper subject for a summary judgment; instead it should be raised in a motion to dismiss, or treated as such if raised in a motion for summary judgment." *Adkins v. Wright*, No. 4:08-CV-P38-M, 2010 WL 290541, at *2 (W.D. Ky. Jan. 21, 2010) (quoting *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008) (internal quotation marks omitted). "In matters of abatement, 'it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record.'" *Id.* (quoting *Bryant*, 530 F.3d at 1376); *see also Bradfield v. Corr. Med. Servs.*, No.

1:07-CV-1016, 2008 WL 5685586, at *4 (W.D. Mich. July 3, 2008) ("As a general rule, this court may take judicial notice of documents filed in a state agency proceeding.").

## II.

In the complaint, Plaintiff alleges that Defendant Dennison allowed female guards to view him on surveillance video from the control room while he was naked and using the toilet in his cell. On initial review of the complaint under 28 U.S.C. § 1915A, the Court allowed the claim to proceed under the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution against Defendant Dennison in his individual and official capacities.

Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). "An inmate exhausts a claim by taking advantage of each step the prison holds out for resolving the claim internally and by following the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (quoting *Woodford v. Ngo*, 548 U.S. at 90). "[E]xhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and 'even where [the prisoners] believe the procedure to be ineffectual or futile. . . . .'" *Napier v. Laurel County, Ky.*, 636 F.3d

218, 222 (6th Cir. 2011) (citations omitted). "[F]ailure to exhaust is an affirmative defense under the PLRA." *Jones v. Bock*, 549 U.S. 199, 216 (2007).

To the motion to dismiss, Defendant attaches a copy of the Grayson County Detention Center's grievance policy and procedures, which states in pertinent part:

*Transmittal*

A grievance shall be made in the form of a written statement by the inmate promptly following the incident and recorded on a Grievance Form provided by the Grayson County Detention Center. Such statement shall be transmitted promptly and without interference to the Shift Supervisor by a Deputy or other staff member to whom the grievance is given. The Jailer or his designee shall ensure that Grievance Forms are readily available to all inmates within any of the facilities operated by the Grayson County Detention Center.

*Contents*

The grievance shall state fully the time, date, names of the Deputies and/or staff members involved and pertinent details of the incident including the names of any witnesses.

\* \* \* \* \*

*Response*

Any inmate who submits a grievance to Grayson County Detention Center staff will receive a response in ten (10) days following the investigation of the grievance, to include findings and actions taken by the Grayson County Detention Center.

*Appeal*

If not satisfied with the disposition of the grievance by the Shift Supervisor, the inmate may appeal in writing within five (5) days of the initial response.

The first appeal will be reviewed by the Colonel, who shall examine the original complaint and records of any subsequent investigation. The Colonel shall have five (5) days from the date of the appeal to issue a second response to the grievance.

If necessary, third and fourth appeals will be handled by the Chief Deputy and Jailer, respectively, with the Jailer having final authority over the appeal.

To the complaint, Plaintiff attached two grievances related to his privacy concerns. The first grievance was dated October 11, 2008, and therein, Plaintiff asked for permission to cover his cell camera when using the toilet and changing clothes so that female guards in the control room could not see him. On October 13, 2008, someone from the jail (whose signature is illegible) responded that the toilet cannot be seen on the camera. In the second grievance dated October 14, 2008, Plaintiff alleged that female deputies in the control room watch him use the restroom and change clothes after workouts. On October 15, 2008, the same jail employee again responded that "[t]he cameras are not set where you can see the toilets and the control room is also on camera and that did not happen." Neither grievance indicates that Plaintiff filed any appeal, and Defendant Dennison asserts that Plaintiff did not utilize the available appeals process for either grievance. In support of this assertion, he submits the affidavit of Grayson County Chief Deputy Jason Woosley, who avers that he reviewed Plaintiff's inmate file and found that Plaintiff filed two grievances (dated October 11 and 14, 2008) related to his belief that female guards in the control room could see him when he was unclothed and using the restroom facilities in his cell but that Plaintiff never filed any appeal with respect to the two grievances.[1]

Plaintiff has failed to contradict Defendant Dennison's evidence demonstrating that he failed to fully exhaust available administrative remedies.

---

[1] Defendant Dennison further notes that in Plaintiff's pretrial memorandum, Plaintiff makes a new claim about female deputies watching him on the camera system when he was taking a shower. Woosley avers that Plaintiff filed no grievance related to such an allegation.

Accordingly,

**IT IS ORDERED** that Defendant Dennison's motion to dismiss (DN 24) is **GRANTED** as a matter of law and that his motion for summary judgment (DN 25) is **DENIED as moot**.

Date:

cc: Plaintiff, *pro se*
 Counsel of record
4414.005

5